UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 16-2323 DSF (RAOx) | Date | 6/7/16 |
| Title | Javier Lopez Tapia v. Panda Express, LLC, et al. | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order DENYING Motion to Remand Without Prejudice;[1] Order VACATING Hearing on Motion to Compel Arbitration (Dkt. No. 21)

    This is a class action brought on behalf of a class of current and former Panda Express workers in California against three Panda Express entities, all of which are California corporations. While this is a class action with minimal diversity and more than $5,000,000 in controversy, it appears to a near certainty based on the allegations in the complaint that the local controversy exception to CAFA jurisdiction in 28 U.S.C. § 1332(d)(4) applies. Nonetheless, the Ninth Circuit has found that it is inappropriate to remand cases based on a CAFA exception where there is no concrete evidence of citizenship in the record. See Mondragon v. Capital One Auto Fin., 736 F.3d 880, 884 (9th Cir. 2013) ("[W]e conclude that there must ordinarily be at least some facts in evidence from which the district court may make findings regarding class members' citizenship for purposes of CAFA's local controversy exception."). Plaintiff argues that the Court can remand based on the presumption of continuing domicile. See id. at 885-86. However, the Court technically does not have any evidence of the last known domiciles of the class members, even though it, again, appears almost certain that virtually all of them were domiciled in California. See also Mondragon, 736 F.3d at 884-85 (apparently unreasonable to assume that 2/3 of class of people who purchased and

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for June 13, 2016 is removed from the Court's calendar.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

registered cars in California for personal use were citizens of California).

Therefore, the motion is DENIED without prejudice. Defendants are ordered to provide Plaintiff with the names, last known addresses, and other contact information for all members of the proposed class with last known addresses outside of California no later than June 24, 2016. The Court notes that this information is in the sole possession of Defendants and Defendants are well-aware of whether this case is subject to mandatory remand under 28 U.S.C. § 1332(d)(4). To the degree that a later remand motion demonstrates that the local controversy exception applies, the Court is highly likely to award fees for the cost of remanding the case to Plaintiff. Such fees will include the cost of acquiring and reviewing the class member information that Defendants have been ordered to provide. Depending on the evidence presented, defense counsel may also become subject to an order to show cause regarding sanctions for violation of Federal Rule of Civil Procedure 11(b)(1) if the Court believes that the removal and the opposition to remand were possibly "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."

The hearing on the motion to compel arbitration currently set for June 20, 2016 is VACATED pending resolution of the remand issue.

IT IS SO ORDERED.